UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodd Wagner,

        Plaintiff,

v.                                                                        Civil No. 12-1816 (JNE/TNL)
                                                                      ORDER

Gallup, Inc.,

        Defendant.

---

Plaintiff Rodd Wagner brought this action against his former employer, Defendant Gallup, Inc. The complaint included one count for age discrimination in violation of the Minnesota Human Rights Act based on Gallup's termination of Wagner's employment when he was 50 years old. The complaint also alleged a count for invasion of privacy by appropriation of Wagner's name or likeness based on Gallup's failure to update a reference to him on its website from a "principal of Gallup" to a "former principal of Gallup," after his departure. At the close of discovery, Gallup moved for summary judgment, seeking dismissal of both claims.[1] In a December 20, 2013, order ("December 2013 Order"), the Court granted the motion as to the claim for age discrimination but denied it as to the appropriation claim. *See* ECF No. 91. A trial date was set for the remaining claim.

A flurry of motions and other filings leading up to the scheduled trial date showed that throughout discovery and the summary judgment proceedings the parties' focus had predominantly been on the discrimination claim. The pretrial filings suggest that the parties had treated the appropriation claim as an insignificant one during discovery and only started paying closer attention to it as trial approached. In the month or so before trial, Gallup identified four

---

[1] The order on Gallup's motion for summary judgment should be referenced for the factual background relevant to Wagner's claims. ECF No. 91 at 2-6.

witnesses who had not been on its initial disclosures and Wagner moved to strike them from Gallup's witness list. *See* ECF Nos. 96, 98. In that timeframe, Wagner moved to compel trial attendance or what he called "trial depositions" of three other Gallup representatives, two of whom he had already deposed during discovery and one whose deposition had been the subject of a motion for a protective order. *See* ECF Nos. 132, 139, 148. In addition, for the first time and in connection with its proposed jury instructions, Gallup argued that Nebraska law should apply to the appropriation claim, even though both parties applied Minnesota law to the claim at summary judgment without mention of any choice of law issue. ECF No. 121.

The pretrial filings also caused the Court to more closely evaluate Wagner's appropriation claim than it had at summary judgment. The claim relates to a statement that appeared on a "Gallup Business Journal" page on Gallup's website that "Rodd Wagner is a New York Times best-selling author and a principal of Gallup." The page described Wagner and listed the two books that he had written for Gallup. Site visitors would be directed to that author-bio page if they clicked on a link tied to the author's name listed in articles on Gallup's site that Wagner had written. Wagner does not dispute that he consented to use of the statement by Gallup at the time that it was first made and during his employment. He also does not dispute that he assigned all rights to his articles and books to Gallup. The statement remained on the site from Wagner's departure in October 2011 until at least May 29, 2013, when Jane Miller, Gallup's chief operating officer, was deposed and asked about it.[2] Wagner does not contend that the website should no longer have referred to him, but suggests that the statement at issue should have been modified to describe him as a "former principal of Gallup." At his deposition,

---

[2] Gallup notes that the page about which Wagner complained has since been deleted. Gallup contends that the deposition was the first time that Gallup had been made aware of the specific page and language on the website to which Wagner objected.

Wagner testified that the pages in question had been "reconfigured" multiple times since his departure and that analogous material on other former employees specified that they were "former" principals.

At the pretrial conference, certain issues relating to the factual basis for the appropriation claim were discussed and the Court indicated to the parties that the question of whether a triable issue on the claim actually existed needed to be revisited before twelve people off the street were called in to hear the claim. Such reconsideration is appropriate under Federal Rule of Civil Procedure 56(f), which allows for entry of summary judgment by the Court in the absence of a pending motion, after the parties have been given notice and a reasonable time to respond. Wagner received two weeks, which was subsequently extended to three weeks, to file a memorandum on choice of law, intent, and damages issues. Gallup received a week to respond. Both parties filed the allowed briefs. *See* ECF Nos. 163, 167. Wagner additionally filed a reply brief. *See* ECF No. 169.

Having considered the parties' submissions and the proceedings to date, the Court finds that summary judgment of dismissal of the appropriation claim is warranted—whether Minnesota or Nebraska law applies—because Wagner lacks evidence that Gallup intended to appropriate his name or likeness. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his claim and on which he will bear the burden of proof at trial. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (relying on *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In recognizing the tort of invasion of privacy and the appropriation form of it, the Minnesota Supreme Court described the appropriation tort using the Restatement (Second) of Torts' formulation of it as being "committed when one 'appropriates to his own use or benefit

the name or likeness of another.'" *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233-35 (Minn. 1998).  In Nebraska, the cause of action for the tort "is founded on certain statutory provisions, and is a limited one."  *Miller v. American Sports Co.*, 237 Neb. 676, 679 (Neb. 1991).  The Nebraska statute initially provides that "[a]ny person, firm, or corporation that exploits a natural person, name, picture, portrait, or personality for advertising or commercial purposes shall be liable for invasion of privacy."  Neb. Rev. Stat. § 20-202 (1979).  The statute then provides in relevant part that the provision does not apply to

> [t]he use of such name, portrait, photograph, or other likeness in connection with the resale or other distribution of literary, musical, or artistic productions or other articles of merchandise or property when such person has consented to the use of his or her name, portrait, photograph, or likeness on or in connection with the initial sale or distribution thereof so long as such use does not differ materially in kind, extent, or duration from that authorized by the consent as fairly construed;

*Id.* § 20-202(2).

Gallup contends that Nebraska law should apply based on a choice of law provision in an agreement signed by Wagner when he commenced his employment.  Wagner responds that Gallup has waived its right to raise the choice of law issue and that the contractual provision does not apply to the present dispute.  The Court need not decide the choice of law question because Wagner's claim cannot survive under either Nebraska or Minnesota law.  Under both, the appropriation tort is an intentional one.  *See Abdouch v. Lopez*, 285 Neb. 718, 730 (Neb. 2013); *Kovatovich v. K-Mart Corp.*, 88 F. Supp. 2d 975, 987 (D. Minn. 1999).  In other words, Wagner must show that Gallup acted intentionally in appropriating his name to prevail on his appropriation claim.  *See Kovatovich*, 88 F. Supp. 2d at 987 ("[Appropriation] is, therefore, an intentional tort, as an intentional act is required before one can be held liable for appropriation.") (quoting *Lineberry v. State Farm Fire & Casualty Co.*, 885 F. Supp. 1095, 1098 (M.D. Tenn. 1995)).

Wagner has not come forward with sufficient evidence of the requisite intentionality for his claim to survive summary judgment. Wagner concedes that the relevant text on Gallup's website was accurate when created and that he consented to its use. As noted in the December 2013 Order, Wagner's claim does not fit into the mold of the typical appropriation claim in which the defendant takes some intentional action to begin using the plaintiff's name or likeness without permission. *See* ECF No. 91 at 14. Nonetheless, the December 2013 Order declined to grant summary judgment, observing that a jury might infer the requisite intentionality because the complaint in this action notified Gallup of the withdrawal of consent and Wagner testified that Gallup "reconfigured" the relevant page but continued to use the statement of a current affiliation. *Id.* at 14-15. The December 2013 Order adopted a generous interpretation of Wagner's reference to "reconfiguration" as referring to some conscious modification of the content of the relevant page. But at the pretrial conference, it became clear that there would be no testimony that any content on the relevant page was touched or modified, prior to its ultimate removal after the deposition of Gallup's chief operating officer at which the specific page was discussed. Rather the "reconfiguration" in fact referred to a name change for the whole Gallup Business Journal website. Wagner points to no other evidence from which a reasonable jury could infer that Gallup acted intentionally to appropriate his name or even that it intentionally chose to use a statement of ongoing affiliation with him on the website—in connection with articles that he had written for Gallup—after being notified that he no longer consented to the use.[3] Under these circumstances, he cannot meet his burden to show an intentional appropriation.

---

[3] The only Gallup testimony on the subject that Wagner proffers is from the deposition of Jane Miller, the chief operating officer. ECF No. 164-4 at 38-40. At that deposition, Jane Miller indicated that she had not seen the relevant pages before.

Additionally, although the December 2013 Order suggested otherwise, Wagner cannot rely on the complaint itself to create the factual basis for the appropriation claim stated in the complaint, because the factual contentions of a complaint must have evidentiary support *at the time of filing*. *See* Fed. R. Civ. P. 11(b)(3). Wagner cannot point to any pre-filing evidence that Gallup knew that he no longer consented to the reference on its website to him as a "principal" rather than a "former principal" in connection with articles that he authored for Gallup and made an intentional decision to continue using his name in that manner.[4] Gallup contends—and Wagner does not dispute—that at no point prior to the filing of the lawsuit did Wagner call the website reference to Gallup's attention or request a modification, even though the parties discussed his discrimination claim prior to the suit.

As a supplemental ground for summary judgment, Gallup argues that Wagner lacks any evidence of damages attributable to the website reference to him as a Gallup principal. The Minnesota Supreme Court and appellate courts have not opined on damages issues in the context of an appropriation claim. Section 652H of the Restatement states that

> [o]ne who has established a cause of action for invasion of his privacy is entitled to recover damages for
> (a) the harm to his interest in privacy resulting from the invasion;
> (b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and
> (c) special damage of which the invasion is a legal cause.

The only evidence of damages proffered by Wagner is testimony from his deposition of mental distress. But Gallup argues that even the proffered testimony shows that any distress was related

---

[4] At the pretrial conference, Wagner's counsel confirmed that the only discovery conducted on the appropriation claim was the questioning of Jane Miller and a general interrogatory question asking for the identity of anyone with information on any facts or matters relating to the allegations of the complaint or the answer.

6

to the termination of his employment and he lacks any evidence of distress traceable solely to the absence of the word "former" in Gallup's otherwise entirely lawful website reference to him.[5]

At the pretrial conference Gallup demonstrated that the challenged text on the website is the same text that appears on the book jacket of at least one of the books that Wagner co-authored while at Gallup. The books continue to be sold and Wagner does not contend that Gallup cannot sell them with the description of him as a principal. Additionally, other third-party websites that sell the books continue to use the same text to describe Wagner. Under these circumstances, the Court agrees that the existence of any actual damages—in the form of mental distress of a kind that "normally results" from the appropriation—attributable to the reference on Gallup's website, without regard to the employment decision, is very questionable.

Recognizing the weakness of his position on actual damages, Wagner also contends that a showing of actual damages is unnecessary and points to decisions from other jurisdictions finding that a plaintiff with an appropriation claim may recover nominal damages. In some jurisdictions, damages are treated as an element of the tort. *See, e.g.*, *Joe Dickerson & Assocs., L.L.C. v. Dittmar*, 34 P.3d 995, 1002 (Colo. 2001) (listing damages caused by the defendant as an element of the tort). In some they are not. *See, e.g.*, *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P.*, 385 S.C. 452, 457-64 (S.C. 2009) (agreeing with the statement from *Petty v. Chrysler Corp.*, 799 N.E.2d 432, 441-42 (Ill. App. Ct. 2003) that "[a] claimant alleging misappropriation of identity need not prove actual damages, because the court will presume damages if someone infringes another's right to control his identity")). Whether Minnesota falls into one or the other

---

[5] At his deposition, in connection with a response to a question about what effect Wagner thought the reference to him as a "principal" rather than a "former principle" had, Wagner noted that "[a]nd it's particularly – particularly repugnant to me that on one hand I'm sitting at my kitchen table unemployed, and on the other hand during that three-month period of time, or working for an entirely different company, and Gallup is claiming that I am a principal of their organization." ECF No. 164-1 at 224.

camp is an open question.  The Court need not attempt to determine how the Minnesota Supreme Court would decide the question, because Wagner's appropriation claim fails for lack of evidence of an intentional appropriation.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's complaint is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 20, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge