UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodd Wagner,

        Plaintiff,

v.                                                  Civil No. 12-1816 (JNE/TNL)
                                                      ORDER

Gallup, Inc.,

        Defendant.

        With his complaint, Plaintiff Rodd Wagner alleged a claim for age discrimination and for invasion of his privacy through appropriation of his name or likeness against Defendant Gallup, Inc. In a summary judgment order in December 2013, the Court granted summary judgment to Gallup on the discrimination claim, but declined to enter summary judgment on the appropriation claim. The case was then scheduled for trial on the appropriation claim. Based on proceedings leading up to and at the pretrial conference, the Court informed the parties that the viability of Wagner's appropriation claim needed to be revisited and solicited supplemental briefing on specific issues. The Court subsequently entered summary judgment in Gallup's favor on the appropriation claim. *See* ECF No. 171. Prior to the entry of summary judgment on the appropriation claim, the parties had filed various motions. *See* ECF Nos. 96, 102, 108, 132/148, and 153. The Court ruled on some of the motions or parts of motions at the pretrial hearing. This order addresses the motions that remain on the case docket.

        In light of the dismissal of Wagner's remaining claim, several motions are now moot. In particular, the parties filed three motions in limine to exclude certain witnesses and limit certain evidence. *See* ECF Nos. 96, 102, 108. These motions will be denied as moot.

Wagner also filed a motion and amended motion seeking to compel attendance at trial, or in the alternative, for trial depositions before trial of three Gallup executives: (1) Jim Clifton, Gallup's chief executive officer; (2) Jane Miller, Gallup's chief operating officer; and (3) Larry Edmond, Gallup's chief marketing officer. *See* ECF Nos. 132, 148. Gallup filed a motion to quash the subpoenas for the three witnesses, two of which had been served at the time of the pretrial conference and one that Wagner's counsel had indicated would be served. *See* ECF 153. At the pretrial conference, the Court denied Wagner's motion to compel and confirmed that the subpoenas were invalid.[1] Although the parties briefly addressed the issue, the Court declined to rule on sanctions at the conference.

Gallup subsequently filed an affidavit from Jim Clifton about the service of the subpoena on him and renewed its request for its fees and costs associated with bringing the motion to quash and responding to Wagner's motion to compel. ECF No. 167-68. Gallup asserts a variety of alleged violations, *see* ECF No. 155 at 7-8, but the Court focuses only on the subpoenas actually served on the Gallup executives. During discovery, Wagner had already deposed Jane Miller. He had sought to depose Jim Clifton, but Gallup filed a motion for a protective order. The magistrate judge granted the motion in part at a hearing on the motion. *See* ECF No. 50. Gallup states that the magistrate judge granted its request to prohibit Wagner from making further attempts to depose Jim Clifton. Wagner does not contend otherwise.

The record includes the two subpoenas at issue. The subpoena served on Jane Miller on March 31, 2014, commanded appearance at the United States District Court for the District of

---

[1] The motion to quash also covered deposition notices that had been sent for other witnesses belatedly identified by Gallup. Wagner did not move to compel depositions for those witnesses, but rather filed a motion in limine seeking to exclude their testimony. *See* ECF No. 96. The present discussion does not relate to those notices or witnesses and is limited to the two subpoenas actually served.

Nebraska and "[v]ia video conference with" the United States District Court for the District of Minnesota.  ECF No. 156-1.  The date and time specified on the subpoena was Monday, April 7, 2014, to Friday, April 11, 2014, from 9 a.m. to 5:00 p.m. CST.  *Id*.  On April 2, 2014, a subpoena was served on Jim Clifton as he approached the doors of a venue at which he was giving the keynote speech at an event attended by approximately 600 people.[2]  ECF No. 168.  The subpoena commanded appearance at the United States District Court for the District of Columbia and "[v]ia video conference with" the United States District Court for the District of Minnesota for the same five days and times stated in the subpoena served on Jane Miller.  ECF No. 168-1.  Both subpoenas were issued by counsel of record for Wagner, Michelle Dye Neumann, and list the United States District Court for the District of Minnesota as the issuing court.

Gallup does not identify the provision under which it seeks the requested sanction.  Federal Rule of Civil Procedure 45(d)(1) provides for sanctions by "[t]he court for the district where compliance is required" when "[a] party or attorney responsible for issuing and serving a subpoena" fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  The subpoenas at issue commanded attendance at a location in another district.  Despite the reference to a video conference with this Court, the plain language of Rule 45(d)(1) prevents this Court from directly invoking it.  But Gallup's motion unquestionably implicates the protections of the Rule.  More specifically, when "a subpoena should not have been issued, literally everything done in response to it constitutes an undue burden or expense within the meaning" of the Rule.  *Spin Master Ltd. v. Bureau Veritas Consumer Prods. Serv*.,

---

[2]  According to Mr. Clifton's affidavit, he "was scheduled to give the keynote speech at the annual Tulsa Chamber Luncheon event for the Tulsa Regional Chamber" and it "was a formal event that took place at the Hyatt hotel in downtown Tulsa" with "approximately 600 individuals" in attendance.  ECF No. 168.  As he "approached the doors to the event, a process server approached" him and served the subpoena on him.  *Id.*

Civ. No. 11-1000A, 2013 U.S. Dist. LEXIS 125470, at *16-17 (W.D.N.Y. Aug. 29, 2013) (internal quotation marks omitted).

Moreover, "[a] court's inherent power includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 745 (8th Cir. 2004) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).  And under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions are permitted under the statute "when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court" and after notice and an opportunity for the attorney to be heard have been provided.  *Jones v. UPS*, 460 F.3d 1004, 1011 (8th Cir. 2006).

Gallup contends that sanctions are warranted for the improper subpoenas served on its executives.  An attorney issuing a subpoena pursuant to Rule 45 invokes the authority of the issuing court.  As the evolution of the Rule and the requirement for a subpoena to "state the court from which it issued" show, an attorney issues a subpoena on behalf of a court.  *See* Fed. R. Civ. P. 45(a)(1)(i); Fed. R. Civ. P. 45 advisory committee's note on 1991 amendments (describing the history of subpoena issuance procedures).  Until the most recent amendments in 2013, the Rule explicitly called out the role played by an attorney as one of an "officer of the court," issuing and signing a subpoena "on behalf of a court."  *See Smith v. Am. Investors Network*, Civ. No. 05-1686, 2006 U.S. Dist. LEXIS 85825, at *2-3 (D. Minn. Nov. 27, 2006) (quoting prior version of the rule).  Moreover, the failure to comply with a subpoena made under Rule 45 may be deemed a contempt of court in the absence of an "adequate excuse."  *See* Fed. R. Civ. P. 45(g); *In re*

4

*Kingdom of Morocco v. Kingdom of Morocco*, Misc. Case M8-85, 2009 U.S. Dist. LEXIS 42540, at *5-6 n.4 (S.D.N.Y. Apr. 16, 2009) ("Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served."). Thus, an attorney issuing a subpoena may not take her role lightly and is duty-bound to ensure the propriety of a subpoena that she signs and serves.

The circumstances involving the two subpoenas at issue reflect a serious dereliction of that duty because no authority exists for the type of subpoenas issued. At the pretrial conference, the Court questioned Wagner's counsel on the authority for such subpoenas—ones that commanded appearance for five days at courts in other jurisdictions for an unauthorized "video conference" with this Court—and none was identified. Federal Rule of Civil Procedure 43(a) requires testimony at trial to be in open court, unless another rule or statute provides otherwise. Counsel had no authority to issue a subpoena commanding appearance in another jurisdiction for a video conference with this Court. Rule 43(a) does provide that "[f]or good cause in compelling circumstances and with appropriate safeguards, *the court* may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a) (emphasis added). No such permission had been given by, or even sought from, the Court. *See* Fed. R. Civ. P. 45 advisory committee's note on 2013 amendments (observing that "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)").

To the extent that the subpoenas were issued for the purpose of taking a deposition, they were also wholly improper. Jane Miller had already been deposed in the case and so any further deposition would require leave of the Court. *See* Fed. R. Civ. P. 30(a). Gallup had obtained a protective order in response to Wagner's attempt to depose Jim Clifton during discovery. The

directive to appear for five days is not supported by the rules. Further, the circumstances around the service of the subpoena on Jim Clifton raise concerns.

Therefore, sanctions under 28 U.S.C. § 1927 and the Court's inherent authority are warranted. Counsel had notice of the request for fees and costs as well as an opportunity to be heard at the pretrial conference and through written submissions before and after it. An appropriate sanction is Gallup's fees and costs of dealing with the subpoenas served on Jane Miller and Jim Clifton, including the motion to quash. But the motion filed by Gallup covers additional matters. *See* ECF No. 155. In the interest of avoiding prolonged proceedings and potential motion practice to determine the amount of fees and costs attributable to Gallup's efforts at quashing the subpoenas, the Court sets $2,000 as a reasonable sanction.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's motion in limine [Docket No. 96] is DENIED as moot.

2. Defendant's motions in limine [Docket Nos. 102 and 108] are DENIED as moot.

3. Plaintiff's motion and amended motion to compel [Docket Nos. 132 and 148] are DENIED as stated on the record at the pretrial conference on April 7, 2014.

4. Defendant's motion to quash [Docket No. 153] is GRANTED in part as stated on the record at the pretrial conference on April 7, 2014.

5. Attorney Michelle Dye Neumann shall pay to Defendant Gallup Inc. a sanction in the amount of $2,000 toward its fees and costs to quash the subpoenas served on its executives, Jim Clifton and Jane Miller.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 20, 2014

                                             s/Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge